# Complaint

# EXHIBIT D

**SENATE COMMITTEE ON**
**ELECTIONS AND CONSTITUTIONAL AMENDMENTS**
Senator Catherine Blakespear, Chair
2023 - 2024  Regular

| | | | |
|---|---|---|---|
| **Bill No:** | AB 2655 | **Hearing Date:** | 6/18/24 |
| **Author:** | Berman | | |
| **Version:** | 6/11/24 | | |
| **Urgency:** | No | **Fiscal:** | Yes |
| **Consultant:** | Scott Matsumoto | | |

**Subject:**  Defending Democracy from Deepfake Deception Act of 2024

### DIGEST

This bill requires an online platform with at least one million California users to block, prevent the posting or spread of, or to label any elections-related content deemed to be materially deceptive if certain conditions are met.

### ANALYSIS

Existing law:

1) Prohibits anyone from, until January 1, 2027, distributing within 60 days of an election materially deceptive audio or visual media of a candidate with the intent to injure the candidate's reputation or to deceive a voter into voting for or against the candidate.

2) Prohibits anyone from, beginning January 1, 2027, producing, distributing, publishing, or broadcasting campaign material that contains a superimposed image of a candidate unless the campaign material includes a disclaimer that the picture is an inaccurate representation of fact.

This bill:

1) Requires a large online platform (platform) using state-of-the-art, best available tools to detect materially deceptive content, to block and prevent the posting or sending of materially deceptive content related to elections if:

   a) The content is posted between 120 days before the election and through Election Day (or through the 60th day after the election in the case of content that depicts or pertains to elections officials) if the platform knows or should know the content portrays any of the following:

      i) A candidate for elective office portrayed as doing or saying something they did not do or say and is reasonably likely to harm the reputation or electoral prospects of a candidate.

      ii) An elections official portrayed as doing or saying something in connection with their elections-related duties they did not do or say and is reasonably

        likely to falsely undermine confidence in the outcome of one or more election contests.

    iii) An elected official portrayed as doing or saying something that influences the election that they did not do or say and is reasonably likely to falsely undermine confidence in the outcome of one or more election contests.

  b) The person or entity who created the materially deceptive content did so knowing it was false or with reckless disregard for the truth.  There shall be a rebuttable presumption the person or entity knew the materially deceptive content was false or acted with reckless disregard for the truth if the content would cause a reasonable person to have a fundamentally different understanding or impression of the content than the person would have if hearing or seeing an authentic version of the content.

2) Requires platforms to develop and implement procedures for labeling content as inauthentic, fake, or false if the content is posted outside of the time period described in (1) or appears within an advertisement or election communication not subject to (1).  This would apply in cases where the person or entity created the content knowing it was false, and the platform knew or should have known that the content was suppose to meet the labeling requirements prescribed by this bill.

3) Requires platforms to provide a way for Californians to report content that was not properly blocked or labeled to the platform.  Allows a candidate, elected official, or elections official who reported content to the platform but does not receive a response in 36 hours or disagrees with the response – as well as the Attorney General (AG), a district attorney, or a city attorney – to seek injunctive or other equitable relief against a platform to compel compliance with this bill.

4) Provides this bill does not apply to satire or parody or to a regularly-published online periodical that publishes materially deceptive content that contains a clear disclosure that the content is not an accurate representation of reality.

5) Defines the following terms for the purposes of this bill:

  a) "Deepfake" to mean audio or visual media that is digitally created or modified such that it would falsely appear to a reasonable person to be an authentic record of the actual speech or conduct of the individual depicted in the media;

  b) "Materially deceptive content" to mean audio or visual media that is digitally created or modified, and that includes, but is not limited to, deepfakes and chatbots, such that it would falsely appear to a reasonable person to be an authentic record of the content depicted in the media; and

  c) "Large online platform" to mean a public-facing internet website, web application, or digital application that had at least one million California users in the preceding 12 months.

## **BACKGROUND**

<u>Manipulated Media in Campaign Communications.</u>  The use of false and deceptive information in campaigns to influence election outcomes is not a new phenomenon. Laws aimed at curbing such practices and preserving the integrity of elections have a long history in California.  During its inaugural session in 1850, the California State Legislature created penalties for election misconduct, including for "deceiving [an elector] and causing him to vote for a different person for any office than such elector desired or intended to vote for."

California law today includes various provisions criminalizing deceptive tactics that undermine election integrity or interfere with voters' ability to participate in elections. This includes laws that prohibit the distribution of false and misleading information about qualifications to vote or about the days, dates, times, and places where voting may occur; prohibit the misleading use of government seals in campaign literature; and prohibit coercing or deceiving people into voting in a way that was inconsistent with the person's intent.

<u>Artificial Intelligence (AI) and Elections.</u>  On June 4, 2024, the Senate Committee on Elections and Constitutional Amendments and the Assembly Committee on Elections held a joint information hearing focusing on AI and elections.

The purpose of the hearing was to inform and assist the Legislature in making informed decisions on legislation related to AI-generated and altered content.  It became evident that the ease with which people can create and spread mis- and disinformation creates a world where many people may have trouble determining what is fact and what is fiction.  The development of increasingly advanced AI tools has made once time-consuming activities much easier to complete, while also enabling the completion of tasks that are otherwise too complex for humans to tackle alone.

<u>State Action.</u>  In 2018, the Legislature approved and Governor Brown signed AB 3075 (Berman), Chapter 241, Statutes of 2018 to establish the Office of Elections Cybersecurity (OEC) in the Secretary of State's (SOS) office.  The OEC has two primary missions.  First, it is responsible for coordinating efforts between the SOS and local elections officials to reduce the likelihood and severity of cyber incidents that could interfere with the security or integrity of elections in California.  The OEC is also tasked with monitoring and counteracting false or misleading information regarding the electoral process that is published online or on other platforms that may suppress voter participation, cause confusion, or disrupt the ability to ensure a secure election. According to the OEC's website, the office serves California with the sole purpose of keeping every Californian's vote safe from online interference, especially the spread of mis- and disinformation.

In 2019, the Legislature approved and Governor Newsom signed AB 730 (Berman), Chapter 493, Statutes of 2019.  AB 730 sought to address concerns that deepfake technology could be used to spread misinformation in political campaigns.  Legislative analyses of AB 730 described "deepfake technology" as software capable of producing a realistic looking video of someone saying or doing something they did not actually say or do.

AB 730 prohibits anyone from distributing deceptive audio or visual media with actual malice and the intent to injure a candidate's reputation or to deceive a voter, unless the media includes a disclaimer that it has been manipulated.  AB 730 does not apply exclusively to deepfakes, but also to any intentional manipulation of audio or visual images where a reasonable person would be misled into believing it was authentic.  Notably, AB 730 focused on materially deceptive representations of candidates, and not on deceptive media of other aspects of the electoral process.

AB 730 included a January 1, 2023 sunset date, but in 2022, the Legislature approved AB 972 (Berman), Chapter 745, Statutes of 2022, to extend the sunset date to January 1, 2027.

Tech Accord to Combat Deceptive Use of AI in 2024.  In February 2024, 20 technology companies signed the "Tech Accord to Combat Deceptive Use of AI in 2024 Elections." This set of commitments seeks to combat harmful AI-generated content meant to deceive voters.  The signatories included Adobe, Amazon, Anthropic, Arm, ElevenLabs, Google, IBM, Inflection AI, LinkedIn, McAfee, Meta, Microsoft, Nota, OpenAI, Snap Inc., Stability AI, TikTok, Trend Micro, Truepic, and X.

The signatories committed to taking the following steps through this year:

1)  Develop and implement technology to mitigate risks related to deceptive AI content.
2)  Assess and better understand the risks presented by deceptive AI election content.
3)  Seek ways to detect the distribution of deceptive AI election content.
4)  Seek to address deceptive AI election content.
5)  Share best practices and explore pathways to share tools throughout the industry.
6)  Provide transparency to the public.
7)  Continue to engage with stakeholders to better understand the global risk landscape.
8)  Support efforts to raise public awareness regarding deceptive AI election content.

Other States.  According to the National Conference of State Legislatures, 16 states (Alabama, Arizona, California, Colorado, Florida, Idaho, Indiana, Michigan, Minnesota, Mississippi, New Mexico, Oregon, Texas, Utah, Washington, and Wisconsin) enacted legislation designed to address deceptive media, including but not limited to, AI.

**COMMENTS**

1)  According to the Author:  "AB 2655 will ensure that online platforms restrict the spread of election-related deceptive deepfakes meant to prevent voters from voting or to deceive them based on fraudulent content.  Deepfakes are a powerful and dangerous tool in the arsenal of those that want to wage disinformation campaigns, and they have the potential to wreak havoc on our democracy by attributing speech and conduct to a person that is false or that never happened.  Advances in technology make it easy for practically anyone to generate this deceptive content, making it that much more important that we identify and restrict its spread before it has the chance to deceive voters and undermine our democracy."

2) <u>First Amendment Considerations.</u>  The First Amendment to the United States (US) Constitution provides in relevant part "Congress shall make no law…abridging the freedom of speech…"  Similarly, Section 2 of Article I of the California Constitution provides in relevant part "Every person may freely speak, write, and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

   This bill seeks to regulate the distribution by online platforms of media containing intentionally manipulated images, audio, or video related to candidates, elections officials, elected officials, and election materials and equipment under certain circumstances.  A question could be raised about whether this bill is consistent with the right to freedom of speech that is guaranteed by the US and California Constitutions.  The US Supreme Court has ruled that even false statements are protected by the First Amendment (*United States v. Alvarez* (2012), 567 U.S. 709).  When a law burdens core political speech, the restrictions on speech generally must be "narrowly tailored to serve an overriding state interest," *McIntyre v. Ohio Elections Commission* (1995), 514 US 334.

   This bill targets deceptive content that could undermine the public's trust in elections, prevent voters from voting, and distort the electoral process.  The US Supreme Court generally has found the protection of the integrity of elections is an overriding (or compelling) government interest (*Id.* at 349; *Burson v. Freeman* (1992) 504 U.S. 191, 199).  A challenge of this bill on First Amendment grounds would likely hinge on whether the court found this bill's provisions to be narrowly tailored.

3) <u>Banned Sometimes, Labeled Other Times.</u>  This bill requires online media platforms with more than one million users to detect materially deceptive content, block, and prevent the posting or distribution of materially deceptive content related to elections from 120 days before an election and, in some cases, 60 days after an election.

   However, for the other six to eight months of the year, the platforms would only have to label the materially deceptive content as such.

   The Committee may wish to consider whether this distinction is appropriate and why, if content is materially deceptive, the content should not be banned entirely from the platform, regardless of how close to an election such content is posted or displayed.

4) <u>Election Timing.</u>  This bill requires platforms to block content beginning 120 days before an election and ending as many as 60 days after the election.  As drafted, this would include any election in California.  As a result, in counties where there are large numbers of elections (statewide, legislative, and congressional elections are held in every even-numbered year and many cities hold local elections in odd-numbered years), platforms may be blocking content almost constantly in order to ensure compliance with the provisions of this bill.

5) <u>Double Referral.</u>  If approved by this committee, AB 2655 will be referred to the Committee on Judiciary for further consideration.

**RELATED/PRIOR LEGISLATION**

AB 2355 (W. Carrillo) of 2024 requires a campaign committee that creates, originally publishes, or originally distributes a political advertisement to include a disclosure stating that the audio, image, or video was generated or substantially altered using AI. AB 2355 is being considered by this committee.

AB 2839 (Pellerin) of 2024 prohibits the distribution of campaign advertisements and other election communications containing materially deceptive and digitally altered or created images or audio or video files with the intent to influence an election or solicit funds for a candidate or campaign. AB 2839 is being considered by this committee.

## PRIOR ACTION

| | |
|---|---|
| Assembly Floor: | 56 - 1 |
| Assembly Appropriations Committee: | 11 - 1 |
| Assembly Elections Committee: | 6 - 1 |

## POSITIONS

**Sponsor:** California Initiative for Technology & Democracy

**Support:** Disability Rights California
League of Women Voters in California

**Oppose:** ACLU California Action
California Chamber of Commerce
Computer and Communications Industry
NetChoice
Software and Information Industry Association
TECHNET

**-- END --**