# EXHIBIT 23

AMENDED IN SENATE AUGUST 23, 2024

AMENDED IN SENATE AUGUST 15, 2024

AMENDED IN SENATE JULY 3, 2024

AMENDED IN SENATE JUNE 24, 2024

AMENDED IN ASSEMBLY MAY 2, 2024

AMENDED IN ASSEMBLY APRIL 11, 2024

CALIFORNIA LEGISLATURE—2023–24 REGULAR SESSION

# ASSEMBLY BILL No. 2839

**Introduced by Assembly Members Pellerin and Berman
(Principal coauthor: Assembly Member Cervantes)
(Coauthors: Assembly Members Bennett, Jackson, Quirk-Silva,
Ting, Valencia, Weber, and Wood)**
(Coauthors: Senators Becker and Dodd)

February 15, 2024

An act to amend Section 35 of the Code of Civil Procedure, and to add Section 20012 to the Elections Code, relating to ~~elections.~~ *elections, and declaring the urgency thereof, to take effect immediately.*

LEGISLATIVE COUNSEL'S DIGEST

AB 2839, as amended, Pellerin. Elections: deceptive media in advertisements.

Existing law prohibits certain distribution of materially deceptive audio or visual media of a candidate within 60 days of an election at which the candidate will appear on the ballot, unless the media includes a disclosure stating that the media has been manipulated, subject to specified exemptions. Existing law authorizes a candidate whose voice

93

or likeness appears in audio or visual media distributed in violation of these provisions to file specified actions, and it requires a court to place such proceedings on the calendar in the order of their date of filing and give the proceedings precedence.

This bill would prohibit a person, committee, or other entity from knowingly distributing an advertisement or other election communication, as defined, that contains certain materially deceptive content, as defined, with malice, as defined, subject to specified exemptions. The bill would apply this prohibition within 120 days of an election in California and, in specified cases, 60 days after an election. The bill would authorize a recipient of materially deceptive content distributed in violation of this section, candidate or committee participating in the election, or elections official, as defined, to file a civil action to enjoin the distribution of the media and to seek damages against the person, committee, or other entity that distributed it, except as specified. The bill would require a court to place such proceedings on the calendar in the order of their date of filing and give the proceedings precedence.

*This bill would incorporate additional changes to Section 35 of the Code of Civil Procedure proposed by AB 2655 to be operative only if this bill and AB 2655 are enacted and this bill is enacted last.*

*This bill would declare that it is to take effect immediately as an urgency statute.*

Vote: ~~majority~~ ⅔. Appropriation: no. Fiscal committee: no. State-mandated local program: no.

*The people of the State of California do enact as follows:*

```
 1    SECTION 1.  Section 35 of the Code of Civil Procedure, as
 2  amended by Section 1 of Chapter 343 of the Statutes of 2023, is
 3  amended to read:
 4    35.  (a) Proceedings in cases involving the registration or denial
 5  of registration of voters, the certification or denial of certification
 6  of candidates, the certification or denial of certification of ballot
 7  measures, election contests, actions under Section 20010 or 20012
 8  of the Elections Code, and actions under Chapter 2 (commencing
 9  with Section 21100) of Division 21 of the Elections Code shall be
10  placed on the calendar in the order of their date of filing and shall
11  be given precedence.
```

1  (b) This section shall remain in effect only until January 1, 2027,
2  and as of that date is repealed, unless a later enacted statute, that
3  is enacted before January 1, 2027, deletes or extends that date.
4  *SEC. 1.5. Section 35 of the Code of Civil Procedure, as*
5  *amended by Section 1 of Chapter 343 of the Statutes of 2023, is*
6  *amended to read:*
7  35. (a) Proceedings in cases involving the registration or denial
8  of registration of voters, the certification or denial of certification
9  of candidates, the certification or denial of certification of ballot
10 measures, election contests, actions under Section 20010 *or 20012*
11 of the Elections Code, *actions under Chapter 7 (commencing with*
12 *Section 20510) of Division 20 of the Elections Code,* and actions
13 under Chapter 2 (commencing with Section 21100) of Division
14 21 of the Elections Code shall be placed on the calendar in the
15 order of their date of filing and shall be given precedence.
16 (b) This section shall remain in effect only until January 1, 2027,
17 and as of that date is repealed, unless a later enacted statute, that
18 is enacted before January 1, 2027, deletes or extends that date.
19 SEC. 2. Section 35 of the Code of Civil Procedure, as amended
20 by Section 2 of Chapter 343 of the Statutes of 2023, is amended
21 to read:
22 35. (a) Proceedings in cases involving the registration or denial
23 of registration of voters, the certification or denial of certification
24 of candidates, the certification or denial of certification of ballot
25 measures, election contests, actions under Section 20012 of the
26 Elections Code, and actions under Chapter 2 (commencing with
27 Section 21100) of Division 21 of the Elections Code shall be placed
28 on the calendar in the order of their date of filing and shall be given
29 precedence.
30 (b) This section shall become operative January 1, 2027.
31 *SEC. 2.5. Section 35 of the Code of Civil Procedure, as*
32 *amended by Section 2 of Chapter 343 of the Statutes of 2023, is*
33 *amended to read:*
34 35. (a) Proceedings in cases involving the registration or denial
35 of registration of voters, the certification or denial of certification
36 of candidates, the certification or denial of certification of ballot
37 measures, election contests, *actions under Section 20012 of the*
38 *Elections Code, actions under Chapter 7 (commencing with Section*
39 *20510) of Division 20 of the Elections Code,* and actions under
40 Chapter 2 (commencing with Section 21100) of Division 21 of the

```
 1  Elections Code shall be placed on the calendar in the order of their
 2  date of filing and shall be given precedence.
 3     (b) This section shall become operative January 1, 2027.
 4     SEC. 3.  Section 20012 is added to the Elections Code, to read:
 5     20012.  (a) The Legislature finds and declares as follows:
 6     (1) California is entering its first-ever artificial intelligence (AI)
 7  election, in which disinformation powered by generative AI will
 8  pollute our information ecosystems like never before. Voters will
 9  not know what images, audio, or video they can trust.
10     (2) In a few clicks, using current technology, bad actors now
11  have the power to create a false image of a candidate accepting a
12  bribe, or a fake video of an elections official "caught on tape"
13  saying that voting machines are not secure, or generate an artificial
14  robocall in the Governor's voice telling millions of Californians
15  their voting site has changed.
16     (3) In the lead-up to the 2024 presidential elections, candidates
17  and parties are already creating and distributing deepfake images
18  and audio and video content. These fake images or files can skew
19  election results, even if they use older methods of distribution,
20  such as mail, television, telephone, and text, and undermine trust
21  in the ballot counting process.
22     (4) In order to ensure California elections are free and fair,
23  California must, for a limited time before and after elections,
24  prevent the use of deepfakes and disinformation meant to prevent
25  voters from voting and deceive voters based on fraudulent content.
26  The provisions of this bill are narrowly tailored to advance
27  California's compelling interest in protecting free and fair elections.
28     (5) The labeling information required by this bill is narrowly
29  tailored to provide consumers with factual information about the
30  inauthenticity of particular images, audio, video, or text content
31  in order to prevent consumer deception.
32     (b) (1) A person, committee, or other entity shall not, during
33  the time period set forth in subdivision (c), with malice, knowingly
34  distribute an advertisement or other election communication
35  containing materially deceptive content of any of the following:
36     (A) A candidate for any federal, state, or local elected office in
37  California portrayed as doing or saying something that the
38  candidate did not do or say if the content is reasonably likely to
39  harm the reputation or electoral prospects of a candidate.
```

(i) For purposes of subparagraph (A), "candidate for any federal, state, or local elected office" includes any person running for the office of President of the United States or Vice President of the United States who seeks to or will appear on a ballot issued in California.

(B) An elections official portrayed as doing or saying something in connection with an election in California that the elections official did not do or say if the content is reasonably likely to falsely undermine confidence in the outcome of one or more election contests.

(C) An elected official portrayed as doing or saying something in connection with an election in California that the elected official did not do or say if the content is reasonably likely to harm the reputation or electoral prospects of a candidate or is reasonably likely to falsely undermine confidence in the outcome of one or more election contests.

(D) A voting machine, ballot, voting site, or other property or equipment related to an election in California portrayed in a materially false way if the content is reasonably likely to falsely undermine confidence in the outcome of one or more election contests.

(2) Notwithstanding subparagraph (A) of paragraph (1), this section does not apply to a candidate portraying themself as doing or saying something that the candidate did not do or say if the content includes a disclosure stating "This ____ has been manipulated." and complies with the following requirements:

(A) The blank in the disclosure required by paragraph (2) shall be filled with whichever of the following terms most accurately describes the media:

(i) Image.
(ii) Audio.
(iii) Video.

(B) (i) For visual media, the text of the disclosure shall appear in a size that is easily readable by the average viewer and no smaller than the largest font size of other text appearing in the visual media. If the visual media does not include any other text, the disclosure shall appear in a size that is easily readable by the average viewer. For visual media that is video, the disclosure shall appear for the duration of the video.

1  (ii) If the media consists of audio only, the disclosure shall be
2  read in a clearly spoken manner and in a pitch that can be easily
3  heard by the average listener, at the beginning of the audio, at the
4  end of the audio, and, if the audio is greater than two minutes in
5  length, interspersed within the audio at intervals of not greater than
6  two minutes each.
7  *(3) Notwithstanding paragraph (1), this section does not apply*
8  *to an advertisement or other election communication containing*
9  *materially deceptive content that constitutes satire or parody if*
10 *the communication includes a disclosure stating "This ____ has*
11 *been manipulated for purposes of satire or parody." The disclosure*
12 *shall comply with the requirements set forth in subparagraphs (A)*
13 *and (B) of paragraph (2).*
14 *(4) (A) A person, committee, or other entity shall not, during*
15 *the time period set forth in subdivision (c), do either of the*
16 *following:*
17 *(i) Remove any disclosure required by paragraph (2) or (3).*
18 *(ii) Knowingly republish any content subject to paragraph (2)*
19 *or (3) without the required disclosure.*
20 *(B) A violation of subparagraph (A) is evidence of intent to*
21 *knowingly distribute an advertisement or other election*
22 *communication containing materially deceptive content, as*
23 *prohibited by paragraph (1).*
24 (c) The prohibition in subdivision (b) applies only during the
25 following time periods:
26 (1) One hundred twenty days before any election in California.
27 (2) For people and items set forth in subparagraphs (B) and (D)
28 of paragraph (1) of subdivision (b), 120 days before any election
29 in California through 60 days after the election, inclusive.
30 (d) (1) A recipient of materially deceptive content distributed
31 in violation of this section, candidate or committee participating
32 in the election, or elections official may seek injunctive or other
33 equitable relief prohibiting the distribution of the materially
34 deceptive content in violation of this section. The court shall also
35 award a prevailing plaintiff reasonable attorney's fees and costs.
36 An action under this paragraph shall be entitled to precedence in
37 accordance with Section 35 of the Code of Civil Procedure.
38 (2) ~~(i)~~ *(A)* A recipient of materially deceptive content
39 distributed in violation of this section, candidate or committee
40 participating in the election, or elections official may bring an

action for general or special damages against the person, committee, or other entity that distributed *or republished* the materially deceptive content in violation of this section. The court shall also award a prevailing party reasonable attorney's fees and costs. This subdivision shall not be construed to limit or preclude a plaintiff from securing or recovering any other available remedy at law or equity.

~~(ii)~~

*(B)* This paragraph does not apply to a broadcasting station *or internet website* that distributed the materially deceptive content if the broadcasting station *or internet website* did not create the content.

(3) In any civil action alleging a violation of this section, the plaintiff shall bear the burden of establishing the violation through clear and convincing evidence.

(e) (1) This section does not apply to a broadcasting station that broadcasts any materially deceptive content prohibited by this section as part of a bona fide newscast, news interview, news documentary, commentary of general interest, or on-the-spot coverage of bona fide news events, if the broadcast clearly acknowledges through content or a disclosure, in a manner that can be easily heard or read by the average listener or viewer, that the materially deceptive content does not accurately represent any actual event, occurrence, appearance, speech, or expressive conduct.

(2) This section does not apply to a broadcasting station when it is paid to broadcast materially deceptive content and either of the following circumstances exist:

(A) The broadcasting station can show that it has prohibition and disclaimer requirements that are consistent with the requirements in this section and that it has provided those prohibition and disclaimer requirements to each person or entity that purchased the advertisement.

(B) Federal law requires the broadcasting station to air advertisements from legally qualified candidates or prohibits the broadcasting station from censoring or altering the message.

(3) This section does not apply to a regularly published newspaper, magazine, or other periodical of general circulation, including an internet or electronic publication, that routinely carries news and commentary of general interest, and that publishes any

1  materially deceptive content prohibited by this section, if the
2  publication clearly states that the materially deceptive content does
3  not accurately represent any actual event, occurrence, appearance,
4  speech, or expressive conduct.
5  (4) This section does not ~~apply to materially deceptive content~~
6  ~~that constitutes satire or parody.~~ *impose liability on an interactive*
7  *computer service, as defined in Section 230(f)(2) of Title 47 of the*
8  *United States Code.*
9  (f) For purposes of this section, the following definitions apply:
10  (1) "Advertisement" means any general or public
11  communication that is authorized or paid for the purpose of
12  supporting or opposing a candidate for elective office in California
13  or a ballot measure that appears on a ballot issued in California
14  and that is broadcast by or through television, radio, telephone, or
15  text, *distributed through the internet,* or disseminated by print
16  media, including billboards, video billboards or screens, and other
17  similar types of advertising.
18  (2) "Broadcasting station" means a radio or television
19  broadcasting station, including any of the following:
20  (i) Cable operator, programmer, or producer.
21  (ii) Streaming service operator, programmer, or producer.
22  (iii) Direct-to-home satellite television operator, programmer,
23  or producer.
24  (3) "Committee" means a committee as defined in Section 82013
25  of the Government Code.
26  (4) "Deepfake" means audio or visual media that is digitally
27  created or modified such that it would falsely appear to a reasonable
28  person to be an authentic record of the actual speech or conduct
29  of the individual depicted in the media.
30  (5) "Election communication" means any general or public
31  communication not covered under "advertisement" that is broadcast
32  by or through television, radio, telephone, or text, *distributed*
33  *through the internet,* or disseminated by print media, including
34  billboards, video billboards or screens, and other similar types of
35  communications, that concerns any of the following:
36  (A) A candidate for office or ballot measure.
37  (B) Voting or refraining from voting in an election.
38  (C) The canvass of the vote.
39  (6) "Elections official" means any of the following persons, but
40  only in their capacity as a person charged with holding or

conducting an election, conducting a canvass, assisting with the holding or conducting of an election or a canvass, or performing another duty related to administering the provisions of the Elections Code:

(i) An elections official as defined in Section 320.

(ii) The Secretary of State and their staff.

(iii) A temporary worker, poll worker, or member of a precinct board.

(iv) Any other person charged with holding or conducting an election, conducting a canvass, assisting with the holding or conducting of an election or a canvass, or performing another duty related to administering the provisions of the Elections Code.

(7) "Malice" means the person, committee, or other entity distributed the audio or visual media knowing the materially deceptive content was false or with a reckless disregard for the truth.

(8) (A) "Materially deceptive content" means audio or visual media that is intentionally digitally created or modified, which includes, but is not limited to, deepfakes, such that the content would falsely appear to a reasonable person to be an authentic record of the content depicted in the media.

(B) "Materially deceptive content" does not include any audio or visual media that contains only minor modifications that do not significantly change the perceived contents or meaning of the content. Minor changes include changes to brightness or contrast of images, removal of background noise in audio, and other minor changes that do not impact the content of the audio or visual media.

(9) "Recipient" includes a person who views, hears, or otherwise perceives an image or audio or video file that was initially distributed in violation of this section.

(g) The provisions of this section apply regardless of the language used in the advertisement or solicitation. If the language used is not English, the disclosure required by paragraph (2) of subdivision (b) shall appear in the language used in the advertisement or solicitation.

(h) The provisions of this section are severable. If any provision of this section or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.

SEC. 4. Section 1.5 of this bill incorporates amendments to Section 35 of the Code of Civil Procedure proposed by both this bill and Assembly Bill 2655. That section of this bill shall only become operative if (1) both bills are enacted and become effective on or before January 1, 2025, but this bill becomes operative first, (2) each bill amends Section 35 of the Code of Civil Procedure, as amended by Section 1 of Chapter 343 of the Statutes of 2023, and (3) this bill is enacted after Assembly Bill 2655, in which case Section 35 of the Code of Civil Procedure, as amended by Section 1 of this bill, shall remain operative only until the operative date of Assembly Bill 2655, at which time Section 1.5 of this bill shall become operative.

SEC. 5. Section 2.5 of this bill incorporates amendments to Section 35 of the Code of Civil Procedure proposed by both this bill and Assembly Bill 2655. That section of this bill shall only become operative if (1) both bills are enacted and become effective on or before January 1, 2025, but this bill becomes operative first, (2) each bill amends Section 35 of the Code of Civil Procedure, as amended by Section 2 of Chapter 343 of the Statutes of 2023, and (3) this bill is enacted after Assembly Bill 2655, in which case Section 35 of the Code of Civil Procedure, as amended by Section 2 of this bill, shall remain operative only until the operative date of Assembly Bill 2655, at which time Section 2.5 of this bill shall become operative.

SEC. 6. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the California Constitution and shall go into immediate effect. The facts constituting the necessity are:

California is approaching its first election influenced by artificial intelligence ("AI"), where disinformation generated by AI can distort voter awareness and perception of candidates, elections officials, elected officials, and voting apparatuses. In the lead-up to the 2024 presidential election, candidates and bad actors are already creating and distributing deepfake images and audio and video content. In order to implement the provisions of this act and safeguard the upcoming November 5, 2024 general election against disinformation propagated by AI and deepfake media, it is necessary for this act to take effect immediately.

O