ROB BONTA,
Attorney General of California
ANYA M. BINSACCA, State Bar No. 189613
Supervising Deputy Attorney General
KRISTIN A. LISKA, State Bar No. 315994
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3916
 Fax:  (415) 703-5480
 E-mail:  Kristin.Liska@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CHRISTOPHER KOHLS, ET AL.,** | Case No. 2:24-cv-02527-JAM-CKD |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS** |
| **ROB BONTA, ET AL.,** | |
| Defendants. | |
| | Date:         August 5, 2025 |
| | Time:         1:00 p.m. |
| | Dept:         6 |
| | Judge:        The Honorable John A. Mendez |
| | Trial Date:   Not scheduled |
| | Action Filed: 9/17/2024 |

**A.     "Satire has a rich and important history in the United States"**

  1-13.     Undisputed.

**B.     "The Bee is a satirical news source that posts satire and parody related to elections."**

  14-27.    Undisputed.

  28.       Not material, undisputed.

  29-32.    Undisputed.

  33-52.    Not material, undisputed.

**C.     "Christopher Kohls's parody catalyzed the passage of AB 2839 and AB 2655."**

  53-57.    Undisputed.

  58.       Legal conclusion.

  59-64.    Undisputed.

**D.     "Rickert engages in political expression."**

  65-91.    Undisputed.

  92.       **Disputed**. Evidence in record does not support assertion that plaintiff Rickert was "censored," particularly in the absence of any definition of that term.  Legal conclusion insofar as implies that any action by the State Bar or other government officials violated the First Amendment or was otherwise unlawful.

  93.       Not material, undisputed.

  94.       **Disputed**. Evidence in record does not establish that any investigation by the State Bar was improper.  Legal conclusion insofar as implies that any action by the State Bar or other government officials violated the First Amendment or was otherwise unlawful.

  96-97.    Not material, undisputed.

  98-102.   Undisputed.

  103.     Legal conclusion

  104.     Not material, undisputed.

  **E.**  **"AB 2655's statutory scheme, Section 230 of the Communications Decency Act, and their application to X and Rumble."**

105-108.   Undisputed.

109-110.   Not material, undisputed.

111-113.   Legal conclusions.

  **F.**  **"The current policies and features of covered platforms…"**

114-123.   Undisputed.

124.   Not material. Undisputed as to fact that California Assembly Member Bill Essayli made the quoted statement, but out-court-statement is hearsay insufficient to establish the truth of assertion.

125-144.   Undisputed.

145-146.   Not material, but undisputed.

147.   Undisputed.

  **G.**  **"California accelerates passage of AB 2839…"**

148-150.   Undisputed.

151.   Not material. Undisputed as to fact that Governor Newsom made the quoted statement, but out-of-court statement is hearsay insufficient to establish truth of assertion. Legal conclusion insofar as implies that plaintiff Kohls's Kamala Harris ad falls within the scope of AB 2839.

152.   **Disputed.** Evidence cited in the record is insufficient to establish this fact. The cited evidence does not establish that the legislative process was "accelerated" or that it was "accelerated" because of plaintiff Kohls's Kamala Harris ad. Nor does Kohls establish foundation that he has sufficient first-hand knowledge to attest to the purpose or intent of the California Legislature.

153-154.   Undisputed.

155.   Undisputed as to fact that Governor Newsom made the quoted statement, but out-of-court statement is hearsay and insufficient to establish the truth of his assertions. Legal

1   conclusion insofar as implies that plaintiff Kohls's Kamala Harris ad falls within the scope of AB
2   2839.

    **H.**    **"AB 2839's Legislative History"**

156.    Undisputed.

157.    Undisputed as to fact that quoted statements were made.  Legal conclusion insofar as statements are used to imply that AB 2839 is a prior restraint or is unconstitutional under the First Amendment.

158-162.    Undisputed.

163.    Undisputed as to fact that amendment was made.  **Disputed** insofar as implies that the Governor's post played any particular role in the Legislature's decisions regarding the amendment.  The cited record evidence is insufficient to establish that the Legislature's purpose in making the amendment was to conform with or follow the Governor's post.

164.    Undisputed.

    **I.**    **"AB 2655's Legislative History."**

165-166.    Undisputed.

166-169.    Undisputed.  Legal conclusion insofar as implies AB 2655 is unconstitutional under the First Amendment.

170.    Undisputed.

171.    Undisputed.  Legal conclusion insofar as implies AB 2655 is preempted by or creates "liability" within the meaning of Section 230 of the Communications Decency Act.

172.    Undisputed.

    **J.**    **"AB 2655's Burdens and Impacts."**

173-174.    Not material, undisputed.

175.    Undisputed.

176-177.    Legal conclusion.

178-180.    Not material, undisputed.

181.    Legal conclusion, including as to the meaning of statutory terms.

182.    Legal conclusion, including as to interpretation and operation of AB 2655.

1    183-185.    Undisputed.

2    186-189.    Not material, undisputed.

**K.    "AB 2839 and AB 2655 burden the speech …**

190.    Legal conclusion, including as to scope of AB 2839 and meaning of statutory terms.

191.    Undisputed as to fact regarding plaintiffs' desire to include label. Legal conclusion regarding whether plaintiffs would be required to include label on any content they wish to post.

192.    Legal conclusion, including required size of font on particular images to fall within labeling safe harbor for parody or satire.

193.    Legal conclusion, including whether plaintiff Kohls's Kamala Harris ad falls within scope of AB 2839 or AB 2655.

194.    Legal conclusion, including whether plaintiff Kohls's Kamala Harris ad falls within scope of AB 2839 or AB 2839 or would require label to fall in AB 2839's safe harbor.

195.    Undisputed as to plaintiff The Bee's conduct and willingness to include label. Legal conclusion insofar as implies any particular speech by the Bee falls within scope of AB 2839 or AB 2655 or would require label to fall within safe harbor of AB 2839.

196.    Undisputed as to plaintiff Kohls's conduct and willingness to include label. Legal conclusion insofar as implies any particular speech by Kohl falls within scope of AB 2839 or AB 2655 or would require label to fall within safe harbor or AB 2839.

197.    Undisputed as to plaintiffs posting content. Legal conclusion as to whether plaintiffs fall within scope of AB 2655's regulations.

198.    Legal conclusion, including whether any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

199.    Legal conclusion, including whether any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

200.    Not material, undisputed. Legal conclusion insofar as implies that any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

201. Not material, undisputed. Legal conclusion insofar as implies that any particular speech by the Bee falls within the scope of AB 2839 or AB 2655.

202. Not material, undisputed. Legal conclusion insofar as implies that any particular speech by plaintiffs within the scope of AB 2839 or AB 2655.

203. Not material, undisputed. Legal conclusion insofar as implies that any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

204. Not material, undisputed. Legal conclusion insofar as implies that any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

205. Not material, undisputed. Legal conclusion insofar as implies that any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

206. Not material, undisputed. Legal conclusion insofar as implies that any particular speech by plaintiff Rickert falls within the scope of AB 2839 or AB 2655.

207. Undisputed.

208. Undisputed. Legal conclusion insofar as implies that any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

209. Legal conclusion, including whether particular speech falls within scope of AB 2839 or AB 2655.

**L.    "Content Potentially Subject to AB 2655."**

210. Undisputed.

211. Undisputed. Legal conclusion insofar as implies cited video is within scope of AB 2839 or AB 2655.

212-213. Undisputed.

214. Not material, undisputed. Legal conclusion insofar as implies referenced video falls within scope of AB 2839 or AB 2655.

215. Legal conclusion, including insofar as implies that any particular speech by plaintiffs falls within the scope of AB 2839 or AB 2655.

216. **Disputed** insofar as implies statement was made by the Committee or the Legislature. The record is clear the statement was made by opponent to AB 2655 and was so

5

1 attributed in the analysis.  Undisputed that statement appears in analysis, but out-of-court statement is hearsay insufficient to establish truth of assertion.

217. **Disputed** insofar as implies statement was made by the Committee or the Legislature.  The record is clear the statement was made by opponent to AB 2655 and was so attributed in the analysis.  Undisputed that statement appears in analysis, but out-of-court statement is hearsay insufficient to establish truth of assertion.

218. Undisputed that statement was made, but out-of-court statement is hearsay insufficient to establish truth of assertion.

219. Undisputed that statement was made, but out-of-court statement is hearsay insufficient to establish truth of assertion.

220. Undisputed that statement was made, but out-of-court statement is hearsay insufficient to establish truth of assertion.  Defendants also **object** to the Court's consideration of the studies cited in footnote 5 for the truth of the studies' assertions and conclusions.  These out-of-court statements are hearsay that cannot be considered for the truth of their assertions.

221-223. Undisputed.

224-228. Undisputed.  Legal conclusion insofar as implies any particular content falls within scope of AB 2839 or AB 2655.

229. Not material, undisputed.

230. Undisputed.  Legal conclusion insofar as implies any particular content falls within scope of AB 2839 or AB 2655.

Dated:  June 6, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Kristin Liska*

KRISTIN A. LISKA
Deputy Attorney General
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

Case Name:  ***Kohls, Christopher, et al. v. Rob Bonta, et al.***
Case No.:   **2:24-cv-02527-JAM-CKD**

I hereby certify that on <u>June 6, 2025</u>, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished electronically by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

This declaration was executed on <u>June 6, 2025</u>, at San Francisco, California.

| Vanessa Jordan | *Vanessa Jordan* |
|---|---|
| Declarant | Signature |